## MASKELINSKI *v.* WAZSINENSKI.

*(Superior Court of Buffalo, General Term.   October 26, 1892.)*

1. SALE—SUBSEQUENT ACQUISITION OF TITLE.
   Where one agrees to sell a horse, which he does not then own, and receives part of the purchase price, intending thereafter to acquire title, his subsequently acquired title and possession inures to the benefit of the one to whom he has sold, and the contract then ceases to be executory.

2. SAME—WAIVER OF DEFENSES.
   The seller having, on acquiring title, refused to deliver, resting his refusal solely on the ground that he had sold too cheaply, thereby waived any other defense.

Appeal from municipal court.

Replevin by Leo Maskelinski against Joseph Wazsinenski.   Judgment for defendant, and plaintiff appeals.   Reversed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

*Feldman & Schreiber,* for plaintiff.   *M. A. Gearon,* for defendant.

HATCH, J.   The action is replevin.   Upon the trial, plaintiff's complaint was dismissed, and the possession of the property awarded to defendant, and its value assessed.   It is not clear upon what theory the judgment proceeded, but it is probable that it was based upon the ground that no title to the property passed to plaintiff, as defendant was not at the time of sale the owner. The facts were that defendant applied to plaintiff to purchase a horse, which the former did not own, he intending thereafter to acquire title.   An agreement of sale was reached, and plaintiff paid part of the purchase price to bind the bargain.   Defendant immediately purchased the horse of the owner, but refused to deliver the same to plaintiff, resting his refusal solely upon the ground that he sold the horse too cheap.   It may be conceded that the contract of purchase was executory; and that no title to the horse in fact passed at that time; and, had the situation so remained, this action could not be maintained. But when the defendant obtained title to the horse a very different question arose.   His title to and possession of the property then inured to the benefit of the plaintiff.   The contract then ceased to be executory, and, as defendant had acquired the means of fulfillment, he could not thereafter be heard to say that he had no title when he sold.   Having become possessed of title, it immediately became vested in plaintiff in accordance with the terms of the sale. If, however, this should not be the accepted doctrine, the result can still be reached upon the doctrine of waiver.   At the time when plaintiff tendered the balance of the purchase price defendant had title to the horse.   He refused to deliver, not upon the ground that the contract of sale was executory, but upon the ground that he had sold too cheaply.   The latter ground simply involved a repudiation of the contract.   This position clearly could not avail him, and, as he insisted upon no other reason, he must be held to have elected so to stand, and waived any other defense he then had.   *Bradley* v. *Cole,* 6 Hun, 660.   His attitude was that there was a sale, but that he would not fulfill, unless paid more money.   As he cannot successfully stand upon this, he should not now be heard to allege any other.   The judgment should be reversed, with costs.   All concur.